UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| DUSTIN RAY CADE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:23-CV-88 |
| | ) | |
| vs. | ) | |
| | ) | |
| WASHINGTON COUNTY SHERIFF'S OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Dustin Ray Cade filed a letter [Doc. 6], which the Court will construe as a motion, requesting that the Court provide him with subpoenas so that he can obtain evidence relevant to his case and asking the Court to issue restraining orders against the defendants in this case "for my protection against retaliation." On September 21, 2023, the Court entered an Order [Doc. 7] denying Plaintiff's request for subpoenas without prejudice and noting that Plaintiff had not provided the proper foundation for issuing restraining orders. Because he is proceeding pro se, the Court did find it appropriate to grant Plaintiff additional time to provide any additional information he might have that would justify granting the requested restraining orders. The Court advised Plaintiff that if he failed to do so, the Court intended to recommend to the District Court that his request for restraining orders be denied. On October 4, 2023, Plaintiff filed a letter [Doc. 10] stating that he does not have access to "the Federal Rules of Civil Procedure manual" at the facility where he is being housed and as such is unable to file a motion for a restraining order which complies with the applicable rules.

Under Federal Rule of Civil Procedure 65, a court may issue a preliminary injunction on notice to the adverse party. Fed. R. Civ. P. 65(a). A court may also issue a temporary restraining order without notice to the adverse party if the following conditions are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Issuance of an "injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). This remedy is "never awarded as a matter of right." *Thompson v. Hayes*, 748 F. Supp. 2d 824, 830 (E.D. Tenn. 2010) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). Under this difficult standard, the party seeking injunctive relief "bears the burden of justifying such relief, including showing irreparable harm and likelihood of success." *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) (discussing the standard for a preliminary injunction); *see also ABX Air, Inc. v. Int'l Bhd. of Teamsters, Airline Div.*, 219 F. Supp. 3d 665, 670 (S.D. Ohio 2016) (discussing the standard for a TRO).

In this case, Plaintiff asserts that he is unable to file a proper motion for restraining orders against various defendants in this case given that he does not have access to the Federal Rules of Civil Procedure. However, in addition to not complying with procedural rules, to-date Plaintiff has not provided grounds for granting an injunction other than stating that he wishes to be protected from retaliation. He does not describe the type of retaliation he fears, why he has cause to be concerned, the specific acts he wishes the Court to enjoin, or which defendants he seeks an

injunction against. In sum, he has not met his high burden of proof required to justify granting injunctive relief. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's request for restraining orders [Doc. 6] be **DENIED without prejudice**.[1]

                                                            Respectfully submitted,

                                                            /s/Cynthia Richardson Wyrick
                                                            United States Magistrate Judge

---

[1] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).