UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | |
|---|---|
| DUSTIN RAY CADE, | ) |
| Plaintiff, | ) |
| v. | ) No.: 2:23-CV-88-KAC-CRW |
| SERGEANT MOORE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER
## OVERRULING PLAINTIFF'S OBJECTION

Before the Court is Plaintiff Dustin Ray Cade's "Motion Objecting to Report and Recommendation," [Doc. 17], which raises an objection to Magistrate Judge Cynthia R. Wyrick's "Report and Recommendation" (the "Report") [Doc. 14]. On September 20, 2023, Plaintiff filed a motion requesting "restraining orders" against Defendants "mentioned in [his] case" for his "protection against retaliation" [Doc. 6 at 1]. On September 21, Judge Wyrick denied Plaintiff's request for restraining orders in part, giving Plaintiff thirty (30) days "to file an amended motion requesting a restraining order" that is "properly supported" [Doc. 7 at 15]. On October 4, Plaintiff sent a letter responding to the September 21 Order, noting difficulties accessing the Federal Rules of Civil Procedure and stating that he "shall await [Judge Wyrick's] reply" [Doc. 10]. Considering Plaintiff's letter [Doc. 10] and September 20 Motion for restraining orders [Doc. 6] together, the Report concluded that "Plaintiff has not provided grounds for granting an injunction" [Doc. 14 at 2]. As such, the Report recommended that the Court deny Plaintiff's request for restraining orders without prejudice [*Id.* at 3]. Plaintiff objected to the Order but provided no specific grounds for his objection, and he did not identify any specific portion of the Order to which he objected [*See* Doc. 17].

In reviewing Plaintiff's objection, the Court must "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). But a "[f]ailure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report." *See McCready v. Kamminga*, 113 F. App'x. 47, 49 (6th Cir. 2004) (citing *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("[T]he district court need not provide de novo review where the objections are frivolous, conclusive[,] or general") (citation and internal quotation omitted). At bottom, "[a] general objection is considered the equivalent of failing to object entirely." *McCready*, 113 F. App'x. at 49.

Here, Plaintiff's objection to the Report only states that "Plaintiff humbly objects to [the] recommendation to deny [his] request" for restraining orders [Doc. 17 at 1]. Plaintiff raises no "specific concerns" with the Report. *See McCready*, 113 F. App'x. at 49. Because Plaintiff's objection amounts to a general objection to the Report, the Court treats it as "the equivalent of failing to object entirely." *Id.* And the Court sees no other basis to set aside or modify the Report. *See* Fed. R. Civ. P. 72(a). Accordingly, the Court **OVERRULES** Plaintiff's objection [Doc. 17] and **ADOPTS** the Report in its entirety. The Court therefore **DENIES** Plaintiff's Motion requesting restraining orders [Doc. 6] **without prejudice**. The Court notes that Plaintiff has filed another "Motion For Temporary Restraining Order" [Doc. 16] that is pending.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

2

Case 2:23-cv-00088-KAC-CRW   Document 21   Filed 12/19/23   Page 2 of 2   PageID #: 81